# STANDARD PLAYER AGENT CONTRACT

AGREEMENT made this __JULY 2__ day of __15__, 20 __15__, by and between __Mitchell Frankel, Brian Elfus__ (hereinafter the "Agent") and __Kawhi Leonard__ (hereinafter the "Player").

In consideration of the mutual promises hereinafter contained, the parties hereto promise and agree as follows:

## 1. General Principles

This agreement is entered into pursuant to and in accordance with the National Basketball Players Association's ("NBPA") Regulations Governing Player Agents ("the Regulations") as promulgated effective March 7, 1986, and as may be amended thereafter from time to time. The Agent represents that in advance of executing this Agreement, he has read and familiarized himself with the Regulations and has applied for and been certified as a Player Agent by the NBPA.

This agreement shall apply only with respect to the Agent's performance of services described below.

## 2. Contract Services

Commencing on the date of this Agreement, the Agent agrees to represent the Player -- to the extent requested by the Player -- in conducting individual compensation negotiations for the performance of the Player's services as a professional basketball player with the Player's NBA club.

[If the Agent will not be "conducting individual compensation negotiations," then insert in lieu of those quoted words: "in assisting, advising or counseling the Player in connection with individual compensation negotiations".] After a contract with the Player's club is executed, the Agent agrees to continue to assist, advise and counsel the Player in enforcing his rights under that contract.

In performing these services the Agent is the NBPA's delegated representative and is acting in a fiduciary capacity on behalf of the Player. In no event shall the Agent have the authority to bind or commit the Player in any manner without the express prior consent of the Player and in no event shall the Agent execute a player contract on behalf of the Player.

## 3. Compensation for Services

The Player shall pay fees to the Agent for services performed pursuant to this Agreement in accordance with the following provisions:

(A) If the Player receives only the minimum compensation under the NBA-NBPA collective bargaining agreement ("CBA") applicable for the playing season or seasons covered by the individual contract, the Agent shall receive a fee of two percent (2%) of the compensa-

tion received by the player for each such season, unless a lesser percent (%) or amount has been agreed to by the parties and is noted in the space below;

[The parties hereto have agreed to the following lesser fee:

_____ Player's Initial _____

_____ Agent's Initial _____ ]

(B) If the Player receives compensation in excess of the minimum compensation applicable under the CBA for one or more playing seasons, the Agent shall receive a fee of four percent (4%) of the compensation received by the Player for each such playing season, unless a lesser percent (%) or amount has been agreed to by the parties and is noted in the space below;

[The parties hereto have agreed to the following lesser fee:

_____ Player's Initial _____

_____ Agent's Initial _____ ]

(C) If the Player is a rookie drafted in the first round of the NBA Draft who receives compensation in accordance with the "Rookie Scale" set forth in Article VIII of the CBA, the Agent shall receive a fee that is the higher of: (i) 4% of the compensation in excess of the 80% amount that is guaranteed under the Rookie Scale; or (ii) the amount payable under subparagraph (A) above by a rookie who receives only the minimum compensation under Article II, Section 6(b) of the CBA, unless a lesser percent (%) or amount has been agreed to by the parties and is noted in the space below;

[The parties hereto have agreed to the following lesser fee:

_____ Player's Initial _____

_____ Agent's Initial _____ ]

In computing the allowable fee pursuant to paragraph 3(A),(B) or (C) above, the term "compensation" shall include base salary, signing bonus and any performance bonus actually received by the player; no other benefits provided in the player contract shall be taken into account in the computing of the fee – including, but not limited to, the fact that the contract guarantees compensation to the player for one or more seasons, the value of a personal loan, an insurance policy, an automobile, or a residence, etc.

**4. Time for Receipt of Payment of Agent's Fee**

The Agent shall not be entitled to receive any fee for the performance of his services pursuant to this Agreement until the Player receives the compensation upon which the fee is based; within fifteen (15) days of the Player's receipt of each compensation payment (as defined in paragraph 3 above) during the term of this Agreement or any extension, renewal, or modification thereof, the Player shall make his fee payment to the Agent in an amount computed in accordance with paragraph 3 above.

The Player has sole discretion to decide that it is in his best interest to make an advance fee payment(s) to his Agent, in which case the Agent is authorized to accept that advance payment; provided, however, that (a) the advance payment cannot exceed the fee prescribed in paragraph 3 above, and (b) with respect to any advance payment relating to deferred compensation the fee shall be based upon the present value of that compensation.

In no case shall the Agent accept, directly or indirectly, payment of his fee from the Player's club. Further, the amount of the Agent's fee shall not be discussed with the NBA club with whom the Agent is negotiating on behalf of the Player, nor shall the Agent or Player secure an agreement from the NBA club respecting the amount of the Agent's fee.

### 5. Expenses

All expenses incurred by the Agent in the performance of the services hereunder shall be solely the Agent's responsibility and shall not be reimbursable by the Player, except that with respect to each player contract negotiated under this Agreement (irrespective of the number of playing seasons covered) the Player shall (i) reimburse the Agent for reasonable travel, living and communications expenses (e.g., telephone, postage) actually incurred by the Agent up to One Thousand Dollars ($1,000.); provided, however, if the expenses exceed One Thousand Dollars ($1,000.), the Player shall be obligated to reimburse the Agent for the amount of the excess only if he gave express prior consent to the Agent to incur those expenses, and the Player shall (ii) pay or reimburse the Agent for the fees and expenses of any attorney, accountant, tax consultant or other professional engaged by the Agent at the Player's express request to render services to the Player, but only if such services are other than in connection with the negotiation and execution of such player contracts. The Player shall promptly pay all expenses, fees and costs for which he is obligated under this paragraph 5 upon receipt of an itemized statement thereof.

### 6. Term

The term of this Agreement shall begin on the date hereof and shall continue in effect until the expiration date of any player contract executed pursuant to this Agreement or any extension, renewal or modification of the Player's contract, whichever occurs later; provided, however, that either party may terminate this Agreement effective fifteen (15) days after written notice of termination is given to the other party; and, provided, further, that if the Agent's certification is suspended or revoked by the NBPA or the Agent is otherwise prohibited by the NBPA from performing the services he has agreed to perform herein, this Agreement automatically shall terminate effective as of the date of such suspension or termination.

Upon being terminated pursuant to either of the above provisions, the Agent shall be entitled to be compensated for the reasonable value of the services he has already performed based upon the fee schedule contained in paragraph 3 above.

### 7. Arbitration: Resolution of All Disputes Arising Out of This Agreement

Any and all disputes between the Player and the Agent involving the meaning, interpretation, application, or enforcement of this Agreement or the obligations of the parties under this Agreement shall be resolved exclusively through the Arbitration procedure set forth in Section 5 of the NBPA Regulations Governing Player Agents. As provided in Section 5(D) of those Regulations, if any arbitration hearing takes place, the NBPA may participate and present, by testimony or otherwise, any evidence relevant to the dispute. Because of the uniquely internal nature of any such dispute that may arise under this Agreement, the Player and the Agent agree that the arbitrator's award shall constitute a final and binding resolution of the dispute and neither party will seek judicial review on any ground.

8. **Notices**

All notices hereunder shall be effective if sent by certified mail, postage prepaid.

If to the Agent:   Mitchell Frankel, Brian Elfus
                   Impact Sports,
                   2401 NW Boca Raton Blvd., #200, Boca Raton, FL 33431

If to the Player:  Kawhi Leonard

9. **Entire Agreement**

This Agreement sets forth the entire agreement between the parties. This Agreement cannot be amended or changed orally and any written amendments or changes shall be effective only to the extent that they are consistent with the Standard Form Agreement approved by the NBPA.

This Agreement replaces and supersedes any agreement between the parties entered into at any time on or after March 7, 1986 providing fees for services performed as defined in Sections 2 and 3 above.

10. **Governing Law**

This Agreement shall be construed, interpreted and enforced according to the laws of the State of New York.

11. **Filing**

This contract should be signed in triplicate. One (1) copy must be promptly delivered by the Agent to the NBPA Committee on Agent Regulation within five (5) days of its execution; one (1) copy must be promptly delivered by the Agent to the Player; and one (1) copy should be retained by the Agent.

**EXAMINE THIS CONTRACT CAREFULLY BEFORE SIGNING IT**

IN WITNESS WHEREOF, the parties hereto have hereunder signed their names.

_[signatures: 7/2/15]_
Mitch Frankel   PLAYER AGENT   Brian Elfus

_[signature]_
Kawhi Leoanrd   PLAYER

Player's Date of Birth   6/29/1991

PARENT or GUARDIAN (if Player is under 21 Years of Age)

-4-