UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-80752-SMITH/MATTHEWMAN

BRIAN ELFUS,

       Plaintiff,

v.

IMPACT SPORTS BASKETBALL,
LLC, et al.,

       Defendants.
_____/



FILED BY _____ D.C.

AUG 14 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL [DE 79]

**THIS CAUSE** is before the Court upon Defendants, Impact-A Sports Management Corporation and Impact Sports Basketball LLC's (collectively, "Defendants") Motion to Compel Brian Elfus to Produce Documents ("Motion") [DE 79]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DEs 28, 64. The Court does not require any response to the Motion.

### I.    Background

The discovery deadline in this case, which was set by the Court in writing over one year ago—on August 3, 2018—elapsed on August 13, 2019. [DE 28]. On July 30, 2019, Plaintiff, Brian Elfus ("Plaintiff"), filed a Motion for Extension of Time to Complete Discovery [DE 72]. According to the certificate of conferral, Defendants agreed to a reasonable extension for depositions, but did not agree to an extension of time to serve more document requests. [DE 72, p. 3]. Defendants later filed a response in opposition to the motion for extension of time. [DE 75]. Defendants accused Plaintiff of a "lack of diligence" and maintained that Plaintiff had not

1

established good cause for the extension. Id. at pp. 1-2.

On August 6, 2019, the Honorable Rodney Smith, United States District Judge, entered an Order Denying in Part Motion for Extension of Time to Complete Discovery [DE 76]. Judge Smith noted that Plaintiff had been provided with an entire year to complete discovery. *Id.* at p. 1. Judge Smith also found that Plaintiff "failed to timely raise with the Court the insufficiencies of Defendants' earlier discovery responses. Thus, Plaintiff's own neglect has, at least, partially contributed to his failure to timely completed discovery." *Id.* Judge Smith ordered that all depositions be completed by August 30, 2019, and that the discovery cutoff was not otherwise extended. *Id.* at p. 2.

## II.    Analysis

The Court finds that Defendants' Motion [DE 79] is due to be denied on two grounds, as discussed further below.

First, Defendants filed their Motion [DE 79] on August 13, 2019, the date of the discovery cutoff in this case. The Court notes that Defendants served Plaintiff with the document requests at issue on June 26, 2019. *Id.* at p. 1. Plaintiff responded to the document requests on August 1, 2019. *Id.* at p. 10. Defendants' Motion is due to be denied because Defendants waited 12 days and until the very last day of the discovery cutoff to file their Motion to Compel despite the fact that they were the very parties who objected to an extension of the discovery cutoff in the first place. Moreover, Judge Smith's finding in his August 6, 2019 Order [DE 76] that Plaintiff had an entire year to complete discovery and failed to timely raise with the Court any discovery issues also applies to Defendants.

Defendants' Motion is also due to be denied because Defendants failed to sufficiently personally confer with Plaintiff before filing the Motion. In the "Certificate of Conference", Defendants state that they have exchanged numerous emails with Plaintiff's counsel and spoke on the phone once about the discovery dispute. [DE 79, p. 3]. Defendants also represent in their Motion that the "parties may be able to resolve this if they had more time." However, due to the parties' delay, they have no more time.

The Court's Order Setting Discovery Procedure requires that, **before** any party files a discovery motion, they confer either in person or via telephone with opposing counsel in an attempt to resolve the discovery disputes [DE 73, p. 1]. In other words, counsel are required to confer in good faith before filing any discovery motion in an honest effort to resolve discovery disputes and ensure the just, speedy and inexpensive determination of every action or proceeding. As stated by Chief Justice Roberts:

> I cannot believe that many members of the bar went to law school because of a burning desire to spend their professional life wearing down opponents with creatively burdensome discovery requests or evading legitimate requests through dilatory tactics. The test for plaintiffs' and defendants' counsel alike is whether they will affirmatively search out cooperative solutions, chart a cost-effective course of litigation, and assume shared responsibility with opposing counsel to achieve just results.

See Chief Justice John Roberts, *2015 Year-End Report on the Federal Judiciary* (Aug. 14, 2019), *https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.* at p. 11.

The Court finds that Defendants' counsel failed to sufficiently confer in good faith before filing the Motion. If Defendants' failure to fully confer was caused by the impending discovery cutoff, Defendants caused this problem themselves by objecting to an extension of the discovery cutoff and waiting for the end of the discovery period before even propounding any discovery.

In sum, all parties in this case failed to act professionally, diligently, and cooperatively during the discovery process. The parties all sat on their hands and waited until the eleventh hour to raise discovery issues. Neither Plaintiff nor Defendants should be permitted to sit on their hands and then wait until the last moment to seek additional discovery. Such conduct unnecessarily burdens the Court. To grant Defendants the relief sought would be unjust given the facts of this case.

Based on the forgoing, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Compel Brian Elfus to Produce Documents [DE 79] is **DENIED.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of August, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE